# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:06CR00011 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MARC MARK GAGNON,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Daniel K. Read, Jr., Jessee, Read, & Ely, P.C., Abingdon, Virginia, for Defendant.*

The government has sought review of an order of the magistrate judge refusing to detain the defendant, Marc Mark Gagnon. *See* 18 U.S.C.A. § 3145(a)(1) (West Supp. 2006). By agreement of the parties, I have considered the evidence presented before the magistrate judge.

The defendant is charged by indictment with interstate stalking in violation of 18 U.S.C.A. § 2261A (West 2000 & Supp. 2006). It is alleged that between October 6 and 9, 2005, the defendant traveled by automobile from his home in Huntsville, Alabama, toward New York City, with the intention of contacting the victim, a show business celebrity. It is also alleged that prior to this time, the defendant had sent threatening letters to the victim stating that he intended to kill her and her husband.

The defendant was arrested by the Virginia State Police following an automobile accident in this district on October 9, 2005. At this time, the defendant allegedly stated his intention of continuing his travels to New York in order to contact the victim. It is additionally alleged that the victim and her husband were placed in a reasonable fear of death and serious bodily injury in the course of and as a result of this interstate travel.

After the defendant's arrest, the magistrate judge ordered that the defendant be detained for a psychiatric evaluation to determine if he was mentally competent to stand trial. Following this evaluation, the magistrate judge found pursuant to the provisions of 18 U.S.C.A. § 4241 (West 2000) that the defendant was not competent to stand trial. At this time, the defendant was recommitted to the Federal Correctional Center in Butner, North Carolina, for continued hospitalization and treatment in an effort to restore his competency.

On August 16, 2006, the acting warden at Butner certified that the defendant was competent to stand trial. The psychiatric evaluation of the defendant found that he suffers from paranoid schizophrenia. He is presently 27 years old and was first diagnosed with a major mental illness at age 18. He initially refused to take anti-psychotic medication after being admitted to the medical facility at Butner. However, beginning on April 24, 2006, he agreed to the take the medication Ambilify. As the

evaluation report notes, once medicated with Ambilify, the defendant's mental condition began to improve and stabilize.  Thus, as the evaluation concludes, the defendant is competent to stand trial but this competency is contingent upon strict medication compliance. Based on the certification and report, the magistrate judge found that the defendant was mentally competent to stand trial.  After conducting a hearing, the magistrate judge ordered the defendant released pending trial to the third-party custody of his mother, to reside in her home.

In reviewing the magistrate judge's decision to release the defendant, I "act[] *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (unpublished).

I disagree with the magistrate judge that the defendant does not pose a threat to the community.   While he may not pose a threat if properly medicated, as the evidence presented before the magistrate judge indicated, the defendant has on prior occasions stopped taking his medication.

The only witness presented by the defendant was his mother.  She testified as to her close relationship with her son and her willingness to supervise him should he be released.  She stated that about six days before he left Alabama, allegedly to drive to New York City, she began to notice that something was wrong with her son.  She

testified that should he be released, she would monitor him to ensure that he takes his medication and would be able to recognize if his medical condition was worsening. She also stated that she would report him to the proper authorities if his condition did worsen or if he was not complying with the conditions of his release.

However, as the defendant's mother also testified, the defendant had on four prior occasions stopped taking his medication while he was living in her home under her care. While the defendant's mother was not under a court order to monitor and report her son on those prior occasions, I am concerned that even under her supervision, he could once again stop taking his medication and hence, pose a threat to the community.

Furthermore, while the defendant's mother testified that she would be able to recognize if her son's medical condition was worsening, and that she noticed a few days before he was apprehended that he had been acting erratically, she also testified that she was surprised to learn that he had sent the threatening letters more than two months before she noticed changes in his mental state.

In short, the defendant poses a threat to the community if he is released into the third-party custody of his mother. While she is ready to undertake the obligation of supervising her son, the defendant's treatment history suggests that there is too great a risk that he may stop taking his medication even under her care. Thus, since the

-4-

defendant poses a threat to the community if he stops taking his medication, it is my opinion that he should not be released.

Accordingly, it is **ORDERED** that the order of the magistrate judge is VACATED and the defendant is directed to be DETAINED pending trial. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

ENTER: September 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge