**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:06CR00011 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARC MARK GAGNON**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; Daniel K. Read, Jessee & Read, P.C., Abingdon, Virginia, for the Defendant, Marc Mark Gagnon.*

After the defendant was acquitted of the charge of interstate stalking solely by reason of insanity and civilly committed in 2007, the warden of the federal medical center where he has been confined certified under 18 U.S.C.A. § 4243(f) (West 2000) that the defendant may now be conditionally released. Following a hearing, I find that the evidence still fails to show that the defendant's release would not create a substantial risk of bodily harm to another person. Accordingly, I deny his release at this time, pending further treatment and evaluation. I explain my reasons for this conclusion below.

I

The defendant, twenty-nine years old, has a long history of mental illness. He was diagnosed with schizophrenia at the age of eighteen. The defendant has since been prescribed several different types of antipsychotic and antidepressant medication, such as Risperdal, Zyprexa, Abilify, and Trazodone. His symptoms include excessive religiosity, an inability to concentrate, and delusional beliefs.

At some point, the defendant became obsessed with a well-known actress. He wrote a series of letters to the actress and her husband, threatening to kill them unless they divorced. He believed that he could see the future and that the victim had the ability to hear the substance of his letters as he wrote them. After he made these threats, the defendant left his home in Alabama to drive to New York City, where the actress was performing. In route, he had a serious car accident in this district and while hospitalized, his prior obsession and threats became known to the authorities and he was arrested.

The government subsequently charged the defendant with interstate stalking in violation of 18 U.S.C.A. § 2261A (West Supp. 2008). After a clinical psychologist concluded that the defendant was incompetent to stand trial, the magistrate judge

committed the defendant to a federal medical center for continuing treatment and evaluation.

When the defendant's mental condition improved with medication, the warden deemed the defendant competent to stand trial. On December 12, 2006, the court found the defendant not guilty solely by reason of insanity. He has since remained in the custody of the Attorney General at a federal medical center pursuant to § 4243(e).

The issue presented here is whether the defendant satisfied his burden of proving "that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C.A. § 4243(d). If indicted for an offense that involves a substantial risk of bodily injury or serious property damage, the defendant must satisfy this burden with clear and convincing evidence. *See id.* Alternatively, if indicted for any other offense, a preponderance of the evidence standard applies. *See id.*

II

Based on the evidence presented at the hearing, I find the following facts.

To provide effective treatment requires medical staff at the federal medical center to inform the patient about his or her disease. Thus, patients simultaneously

learn what they must do or say to be released. In this case, the defendant at times agreed to take his medication and began to withhold his delusional thoughts. He learned that if he complied with his treatment regime, the likelihood of his release would increase. Nonetheless, the defendant repeatedly denied that he had a mental illness until the day of the hearing.

The defendant also attempted to contact the actress victim indirectly on several occasions while committed. For instance, in March, 2008, the defendant asked a prison minister to contact the victim on his behalf. He requested her forgiveness, but maintained that his prayers had convinced her to obtain a divorce.

The victims both oppose conditional release. In separate written statements to the court, they expressed fear that the defendant will eventually cause them substantial harm. After the defendant became aware of these statements, he met with his treatment team from the federal medical center minutes before the hearing and for the first time acknowledged his mental illness. However, without further observation, the medical staff was unable to determine the sincerity of these remarks— only continued evaluation of the patient at the medical facility will allow the treatment team to distinguish true progress from deceit.

According to the terms of the proposed conditional release, the defendant would be temporarily institutionalized at a state in-patient facility in Alabama. The

defendant would then be released to the community. The amount of time the defendant might spend at the Alabama facility remains unclear. The medical criteria to be used to determine whether the defendant's condition warrants release from the state facility is also unknown.

Both the defendant's mother and stepfather agreed to supervise the defendant when released to the community and promised to call the authorities if he did not comply with required conditions. The defendant's mother affirmed that she would realize if the defendant had not taken his medication. However, prior to his arrest, she did not notice a change in her son's mental condition until two months after he wrote threatening letters to the victims.

III

Under either the clear and convincing evidence standard or the preponderance of the evidence standard, the defendant has failed to prove that he has recovered from his mental disease to such an extent that his release, even under a prescribed regimen of treatment, would no longer create a substantial risk of bodily injury to another person.

The defendant still has delusional beliefs about the victim. He remains convinced that his relationship with the victim is spiritual, as demonstrated by his

- 5 -

most recent letter to the prison minister. Although the defendant eventually professed his illness, the medical staff has not had a sufficient opportunity to examine the sincerity of these statements. The defendant cannot be released based solely on his remarks moments before the hearing.

Indeed, the medical staff struggled to distinguish between progress and goal-oriented behavior at the federal medical center. For instance, the defendant periodically agreed to take his medication as prescribed, but simultaneously denied that he had a mental illness. Although the defendant occasionally suppressed his delusional thoughts, he repeatedly refused to accept that medication was necessary.

Additionally, no evidence was presented to the court in regard to the conditions under which the defendant would be released from the Alabama state facility. When he is so released, the defendant's mother and stepfather agreed to ensure that he would adhere to his prescribed treatment regimen. That is, they agreed to the same conditions previously proposed at the defendant's bail hearing, where this court ordered the defendant confined pending trial. Little if anything about the defendant's mental state has changed since that time. While committed, the defendant has again attempted to contact the victim, refused medication, and denied that he is mentally ill. Without further assurance that the defendant will not act out his delusional beliefs, conditional release must not be granted.

## IV

In summary, the defendant has failed to prove under either standard that he has recovered from his mental disease to such an extent that his conditional release would no longer create a substantial risk of bodily injury to another person. Accordingly, it is **ORDERED** that conditional release of the defendant is DENIED.

The clerk will send a copy of this Opinion and Order to the Warden, Federal Medical Center, Rochester, Minnesota.

ENTER: October 2, 2008

/s/ JAMES P. JONES
Chief United States District Judge