## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:06CR00011 |
| | ) | |
| **v.** | ) | **OPINION AND ORDER** |
| | ) | |
| **MARC MARK GAGNON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; and Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, and Andrea S. Lantz Harris Assistant Federal Public Defender, Charlottesville, Virginia, for Marc Mark Gagnon.*

The defendant has moved to be released from the supervision imposed upon him when he was released from civil commitment in 2010 after his 2006 insanity acquittal. For the reasons set forth hereafter, his request will be granted.

## I.

Marc Mark Gagnon was found not guilty solely by reason of insanity in 2006 by this court and has been either institutionalized or under conditions of supervision ever since. The circumstances of his case and his history on supervision have been described in earlier opinions of the court. *United States v. Gagnon*, No. 2:06CR00011, 2021 WL 1749853 (W.D. Va. May 4, 2021); *United States v. Gagnon*, No. 2:06CR00011, 2008 WL 4460405 (W.D. Va. Oct. 2, 2008), *aff'd*, 343

F. App'x 867 (4th Cir. 2009) (unpublished); *United States v. Gagnon*, No. 2:06CR00011, 2017 WL 1274430 (W.D. Va. Mar. 10, 2017).[1]

In summary, Mr. Gagnon, now 44 years old, was first diagnosed with schizophrenia at the age of 18. He attended community college where he studied computer information systems but his work history is very limited because of his mental illness and he has been receiving social security disability payments since 2001. In 2005, at age 27, he became obsessed with a well-known actress. He wrote several letters to the actress threatening to kill her and her husband unless they divorced. After he made these threats, he left his home in Alabama to drive to New York City, where the actress was performing. On route, he had a serious car accident in this district and while hospitalized, his obsession and threats became known to the authorities, and he was arrested and subsequently charged in this court with interstate stalking in violation of 18 U.S.C. § 2261A. Eventually, and with the agreement of the parties, the court found Mr. Gagnon not guilty solely by reason of insanity. He was thereafter civilly committed pursuant to 18 U.S.C. § 4243(e).

Following a hearing on June 29, 2010, and considering a Certificate of Conditional Release from the Warden of a Federal Medical Center in which Mr.

---

[1] Following the hearing in this case, counsel for Mr. Gagnon moved the court to recuse itself on the ground that the court gave the appearance of hostility to the Federal Public Defender in another matter. It was not asserted that the court gave any appearance of hostility to the defendant (or any defendant). The motion was denied. *United States v. Gagnon*, No. 2:06CR00011, 2023 WL 1795365 (W.D. Va. Feb. 7, 2023).

Gagnon was a patient, the court found that Mr. Gagnon had proved by clear and convincing evidence that he had recovered from his mental disease or defect to such an extent that his release on conditions would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. He was accordingly ordered released subject to multiple restrictive conditions pursuant to 18 U.S.C. § 4243(f)(2).

In accord with those conditions of release, Mr. Gagnon has lived with his mother and stepfather and has been required to comply with a prescribed regimen of psychiatric care, including the regular injection of antipsychotic medication. In 2021, following a hearing on March 25, 2021, I removed all of Mr. Gagnon conditions except that he refrain from communicating with the victims of his crime, that he comply with his prescribed mental health treatment, and that he consent to full communication between his medical providers, his parents, and the supervising probation officer. I otherwise denied Mr. Gagnon's total release from supervision. In doing so, I remarked, "I do not foreclose the possibility of Mr. Gagnon's release from supervision at some point. The removal of the other conditions will allow Mr. Gagnon freedom that he has not experienced before and an opportunity to convince the court that full release is appropriate." Gagnon, 2021 WL 1749853, at *.

On December 8, 2022, counsel for Mr. Gagnon filed a motion seeking to terminate his supervision. A hearing was held on the motion on January 11, 2023,

at which Mr. Gagnon testified.  Treatment notes from his psychiatrist were supplied to the court, as well as a letter from his mother.  The government presented a letter from his victim urging that Mr. Gagnon not be removed from supervision, which communication I have carefully considered pursuant to 18 U.S.C. § 3771(a)(4), (b) and Federal Rule of Criminal Procedure 60(a)(3).

## II.

A person found not guilty solely by reason of insanity may be conditionally discharged from civil commitment if the director of the facility determines, and the court agrees, that the person "has recovered from his mental disease or defect to such an extent that . . . his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person."  18 U.S.C. § 4243(f).  Under such circumstances, the court is required by law to "order, as an explicit condition of release, that [the person] comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment."  18 U.S.C. § 4243(f)(2)(B).

By statute, the court has the authority at any time to modify or eliminate conditions of release of an acquitted, after a hearing and employing the same criteria used in determining his release on conditions.  18 U.S.C. § 4243(f).

III.

The following are the court's findings of fact, based upon the evidence and the lengthy historical record of the case.

Mr. Gagnon suffers from paranoid schizophrenia. Based upon the consistent medical testimony, to remain mentally stable, Mr. Gagnon requires a lifetime of continuous treatment. Presently, Mr. Gagnon receives an injection of antipsychotic medication every four weeks. In addition, he sees his psychiatrist periodically for medication management. Without this continuous course of treatment, there is a risk that there will be a reemergence of symptoms.

The latest opinion of Mr. Gagnon's psychiatrist indicates that Mr. Gagnon is doing well, being cooperative, and without hallucinations or delusions. In his testimony at the hearing, Mr. Gagnon agreed that he needed continuous psychiatric treatment and vowed to continue such treatment, including injections of anti-psychotic medicine, if released from supervision. He stated his understanding that this treatment will prevent any repetition of the conduct that has led to his present 17-year history of confinement and court supervision.

Mr. Gagnon was in custody for approximately four years and has been subject to supervision since 2010. While he did show some symptoms between 2008 and 2013, he has had only two violations of his conditions, one in 2013, and one in 2016, both involving impermissible computer use. In 2021, in light of his good behavior,

any computer restrictions were removed.  While Mr. Gagnon does not work outside his home, he engages in hobbies, helps his family with household duties, attends church, and exercises regularly. Other than his threats in 2005 involved in this case, there is no evidence of any other threats by him, nor any evidence of actual violence.

IV.

I recognize the victim's understandable concern.  The fear caused by Mr. Gagnon's actions doubtless remains fresh to her.   But as the counsel for Mr. Gagnon points out, he has served longer than if he had been actually convicted of his crime, rather than acquitted because of his insanity.  I do not believe under the present facts that further supervision would be appropriate in Mr. Gagnon's case.

For the foregoing reasons, it is **ORDERED** as follows:

1.  The Renewed Motion to Terminate Conditional Release and for Immediate Discharge, ECF No. 269, is GRANTED;

2.  All conditions of release are vacated, and the defendant is discharged from supervision; and

3.  The Clerk shall provide a copy of this Opinion and Order to the Probation Office in this District and in the Northern District of Alabama.

ENTER:  April 14, 2023

/s/  JAMES P. JONES
United States District Judge